Elizabeth R. Loveridge (6025)
David A. Nill (8784)
**WOODBURY & KESLER, P.C.**
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT  84110-3358
Telephone:  (801) 364-1100

Attorneys for the Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: <br><br> **WILSON SCOTT, INC.** <br><br> Debtor. <br> _____ <br> ELIZABETH R. LOVERIDGE, chapter 7 Trustee, <br><br> Plaintiff, <br><br> v. <br><br> ULTIMATE HOMES OF UTAH, LLC, <br><br> Defendant. | Bankruptcy No.  08-22889 <br> Chapter 7 <br><br><br><br> Adversary Proceeding No. _____ |

**COMPLAINT**

Elizabeth Rose Loveridge, Chapter 7 Trustee of Wilson Scott, Inc. bankruptcy estate, complains of Ultimate Homes of Utah, LLC as follows:

## PARTIES

1.	Wilson Scott, Inc. ("The Debtor") is a Chapter 7 debtor in the involuntary bankruptcy case No. 08-22889.

2.	Plaintiff Elizabeth R. Loveridge is the Chapter 7 trustee ("Trustee") of the Wilson Scott bankruptcy estate, having been appointed on August 27, 2008.

3.	Defendant Ultimate Homes of Utah LLC ("Ultimate Homes") is a Utah limited liability company with its principal place of business in Salt Lake County, State of Utah.

## JURISDICTION AND VENUE

4.	This Adversary Proceeding arises out of and relates to the Debtor's bankruptcy case, currently pending in the United States Bankruptcy Court for the District of Utah, Central Division.

5.	This Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

6.	The United States Bankruptcy Court for the District of Utah, Central Division, has jurisdiction of this Adversary Proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and D.U.Civ.R. 83-7.1, the general order of reference.

7.	Venue is proper in the District of Utah, Central Division pursuant to 28 U.S.C. § 1409.

## CAUSE OF ACTION
(Breach of Contract)

8.	The Trustee incorporates by reference paragraphs 1 through 7.

9. The Trustee, as the trustee of the Debtor's bankruptcy estate, stands in the shoes of the Debtor and is authorized to recover obligations owed to the Debtor for the bankruptcy estate.

10. Prior to filing bankruptcy, the Debtor, doing business as 3 Tone Painting entered an agreement under which the Debtor, agreed to provide painting services to Ultimate Homes and Ultimate Homes agreed to pay the Debtor for the painting services.

11. Upon Ultimate Homes' request and in the ordinary course of business, the Debtor provided painting services to Ultimate Homes (the "Services").

12. Pursuant to the agreement, upon receipt of the Services, Ultimate Homes became obligated to pay the Debtor the value of the Services.

13. The value of the Services was $6,000.00.

14. Ultimate Homes breached the agreement by failing to pay the Debtor for the Services.

15. The Trustee made reasonable demand on Ultimate Homes to pay for the Services.

16. Ultimate Homes has failed or refused to pay to the Trustee the $6,000.00 for the Services.

17. Because of Ultimate Homes' breach, the Trustee is entitled to a judgment against Ultimate Homes in the sum of $6,000.00, together with interest, costs and attorneys fees as allowed by the agreement or by law.

WHEREFORE, the Trustee prays the Court grant judgment as follows:

A judgment against Ultimate Homes in an amount to be established at trial, but which is at least the principal sum of $6,000.00, together with interest, costs and attorneys fees as allowed by the agreement or law, and such further relief as the Court may deem appropriate under the circumstances.

DATED this 27th day of January, 2009.
.
                                                **WOODBURY & KESLER, P.C.**

                                                /s/
                                                David A. Nill
                                                Attorneys for Elizabeth R. Loveridge
                                                Chapter 7 Trustee

<u>Plaintiff's Address</u>
Elizabeth R. Loveridge
Chapter 7 Trustee
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, Utah 84110-3358